IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERNESTINE PARKER,                         )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )     Civil Action No. 04-344-KAJ
                                          )
COMCAST CORPORATION, a                    )
Pennsylvania corporation, COMCAST         )
CABLE COMMUNICATIONS, INC., a             )
Delaware corporation, COMCAST             )
CABLEVISION OF NEW CASTLE                 )
COUNTY LLC, a Delaware limited liability  )
corporation, successor-in-interest to     )
Comcast Cablevision of New Castle         )
County Inc., a Delaware corporation,      )
PHILIP ANNONE, and WILLIAM G.             )
MOSLEY,                                   )
                                          )
                    Defendants.           )

**MEMORANDUM OPINION**

Victor F. Battaglia, Philip B. Bartoshesky, Biggs and Battaglia, 921 Orange Street P.O. Box 1489, Wilmington, Delaware 19899; Counsel for Plaintiff.

William M. Kelleher, Ballard Spahr Andrews & Ingersoll, LLP, 919 N. Market Street, 12th Floor, Wilmigton, Delaware 19801; Counsel for Defendants.
      Of Counsel:  Charisse R. Lillie, David E. Brier, Farrah Gold, Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, 51st Floor, Philadelphia, Pennsylvania 19103.

October 5, 2005
Wilmington, Delaware

**JORDAN, District Judge**

## I.    INTRODUCTION

Plaintiff brought this action against:  Comcast Corporation, Comcast Cable

Communications, Inc, and Comcast Cablevision of New Castle County LLC

(collectively, "Comcast"); the Director of Human Resources at Comcast Cablevision of

New Castle County, Philip Annone ("Annone"); and the Manager of Human Resources

at Comcast Cablevision of New Castle County, William G. Mosley ("Mosley").  Plaintiff

alleges that Comcast, Annone, and Mosley discriminated against her in violation of the

Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101, et seq.); and, in addition,

wrongfully terminated her employment, intentionally inflicted emotional distress, and

committed a prima facie tort, all in violation of Delaware law.  Before me is a Motion to

Dismiss (Docket Item ["D.I."] 6; the "Motion") under Fed. R. Civ. P. 12(b)(6) by Comcast,

Annone, and Mosley seeking dismissal of the ADA and wrongful termination claims

against Annone and Mosley, and further seeking dismissal of the intentional infliction of

emotional distress and prima facie tort claims against all defendants.  The court has

jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1334 for

the ADA claim, and under 28 U.S.C. § 1367(a) for the Delaware state law claims.

Jurisdiction over the parties and venue for this action are uncontested.  For the reasons

that follow, the Motion to Dismiss will be granted.

## II.    BACKGROUND[1]

From February 9, 1998 until she was fired on November 4, 2002, plaintiff worked

as a receptionist at Suburban Cable Company, which was later taken over by Comcast,

---

[1]These facts are taken from plaintiff's allegations and are assumed to be true for
the purposes of this 12(b)(6) motion.

and as a receptionist and administrative assistant at Comcast. In late 2000 and early 2001, plaintiff began to suffer chronic headaches that caused her to take medical leaves of absence in 2001 and 2002. Plaintiff alleges that, beginning in July 2002, Comcast, Annone, and Mosley put "increasing pressure" on her (D.I. 1, ¶ 15), which caused her to collapse at work on August 1, 2002. In September 2002, Annone and Mosley gave plaintiff an "ultimatum": either resign and take a severance package, or she would receive additional work assignments, be "written up," be disciplined, and eventually be terminated for cause. (*Id.* at ¶ 18.) Later, plaintiff was told that a file had been developed that showed her poor job performance since July 2002. Annone and Mosley "continually and without any justification criticized" her work. (*Id.* at ¶ 35.) Finally, on November 4, 2002, plaintiff was fired.

Plaintiff sued Comcast, Annone, and Mosley, raising four causes of action. First, she claims that Comcast, Annone, and Mosley violated the ADA by failing to make reasonable accommodations to allow her to continue to work after she began to experience chronic headaches. Second, she claims that she was wrongfully terminated in violation of the Delaware state law implied covenant of good faith and fair dealing. Third, she claims that Annone and Mosley, acting as agents of Comcast, intentionally inflicted emotional distress on her in violation of Delaware state law. Fourth, she claims that Comcast, Annone, and Mosley have committed a prima facie tort in violation of Delaware state law.

2

## III.    STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) requires a court to accept as true all material allegations

of the complaint. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140

F.3d 478, 483 (3d Cir. 1998) (internal citation omitted). "A complaint should be

dismissed only if, after accepting as true all of the facts alleged in the complaint, and

drawing all reasonable inferences in the plaintiff's favor, no relief could be granted

under any set of facts consistent with the allegations of the complaint." *Id.* (internal

citation omitted). The moving party has the burden of persuasion. *See Kehr Packages,*

*Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

## IV.    DISCUSSION

### A.    ADA and Wrongful Termination Claims Against Annone and Mosley

Plaintiff concedes that the ADA and wrongful termination claims must be

dismissed as to Annone and Mosley because both of those claims may only be made

against plaintiff's employer, Comcast. *See Maull v. Div. of State Police*, 141 F. Supp.

2d 463, 472 (D. Del. 2001) ("[T]he ADA does not provide a cause of action against

individual employees."); *Wallace v. Wood*, 752 A.2d 1175, 1180 (Del. Ch. 1999)

("Delaware law clearly holds that officers of a corporation are not liable on corporate

contracts as long as they do not purport to bind themselves individually."). Therefore,

these claims against Annone and Mosley will be dismissed. The remaining discussion

addresses the intentional infliction of emotional distress and prima facie tort claims.

3

B.    Intentional Infliction of Emotional Distress

Comcast, Annone, and Mosley argue that plaintiff's claims for intentional

infliction of emotional distress are precluded by the Delaware Workers' Compensation

Act, which provides:

> Every employer and employee, adult and minor, except as expressly
> excluded in this chapter, shall be bound by this chapter respectively to pay
> and to accept compensation for personal injury or death by accident
> arising out of and in the course of employment, regardless of the question
> of negligence and to the exclusion of all other rights and remedies.

Del. Code Ann. tit. 19, § 2304 (2005). This statute precludes any tort claims for

personal injury arising out of and in the course of employment, including for emotional

distress. See Brodsky v. Hercules, Inc., 966 F. Supp. 1337, 1353 (D. Del. 1997)

(holding that a claim for intentional infliction of emotional distress arising from

discrimination was precluded); Konstantopoulos v. Westvaco Corp., 690 A.2d 936, 938

(Del. 1996) (holding that a claim for intentional infliction of emotional distress from

sexual harassment was precluded). However, the Delaware Supreme Court has held

that "those claims that involve a true intent by the employer to injure the employee fall

outside of the Workers' Compensation Act and remain separately actionable as

common law tort claims." Rafferty v. Hartman Walsh Painting Co., 760 A.2d 157, 159

(Del. 2000). To show such an intent and "to survive a motion to dismiss, there must be

more than a mere allegation that there was an intentional injury; there must be facts

alleged which, if true, show a deliberate intent to bring about an injury." Id. at 160.

This court addressed the preclusion of an intentional infliction of emotional distress claim under the Workers' Compensation Act in *EEOC v. Avecia Inc.,* No. CIV.A.03-320, 2003 WL 22432911 (D. Del. Oct. 23, 2003). There, the plaintiff alleged that, before she was fired, "her work was criticized, her vacation requests were scrutinized, and she was forced to take work breaks at her work station." *Id.* at *4. These allegations did not show that the defendant "set out to personally harm [plaintiff]." *Id.* at *5. Rather, as the court noted when it declined to reconsider the issue, "[s]uch scrutiny occurs in most employment situations and does not evidence a deliberate attempt to injure [plaintiff]." *EEOC v. Avecia Inc.*, No. CIV.A.03-320, 2004 WL 1077915, at *2 (D. Del. Apr. 28, 2004).

Here, plaintiff alleges that: (1) her work was criticized; (2) she was told to resign or face an increased workload, being "written up," other discipline, and eventually being fired for cause; (3) a file was developed that documented poor work performance; and (4) she was terminated. These events apparently constitute the pressure placed on plaintiff by Comcast, Annone, and Mosley, because no other specific facts are alleged. Even if true, however, these allegations do not "show a deliberate intent to bring about an injury." *Rafferty*, 760 A.2d at 160. As in *Avecia*, the actions taken here are not unusual in the employment environment and are insufficient to show deliberate intent to injure plaintiff. Therefore, plaintiff's claim for intentional infliction of emotional distress is precluded by the Workers' Compensation Act and will be dismissed as to all defendants.

5

C.    Prima Facie Tort

Under Delaware law, prima facie tort is an intentional infliction of harm, "resulting in damage, without excuse or justification, by an act or series of acts which would otherwise be lawful and which acts do not fall within the categories of traditional tort." *Lord v. Souder*, 748 A.2d 393, 402-03 (Del. 2000). In *Lord*, the Delaware Supreme Court held that a claim for prima facie tort was not available in the employment context because allowing such a claim would be inconsistent with Delaware's employment at-will doctrine. *Id.* at 403. Instead, a plaintiff must make a claim for wrongful termination, with all the requirements imposed on such a claim under Delaware law. *See id*; *accord Brooks v. Fiore*, No. 00-803, 2001 WL 1218448, at *11 (D. Del. Oct. 11, 2001). Here, *Lord* is controlling, and plaintiff's prima facie tort claim will be dismissed as to all defendants.

**V.    CONCLUSION**

For the reasons set forth, I will grant defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). The ADA and wrongful termination claims will be dismissed as to Annone and Mosley, and the intentional infliction of emotional distress and prima facie tort claims will be dismissed as to all defendants. An appropriate order will issue.

6