IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERNESTINE PARKER, : | C.A. NO. 04-344 |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| COMCAST CORPORATION, a : | |
| Pennsylvania corporation, COMCAST : | |
| CABLE COMMUNICATIONS, INC., : | |
| a Delaware corporation, COMCAST : | |
| CABLEVISION OF NEW CASTLE : | |
| COUNTY, LLC, a Delaware Limited : | |
| Liability Corporation, successor in : | |
| interest to Comcast Cablevision of : | |
| New Castle County, Inc., a Delaware : | |
| corporation : | |
| : | |
| Defendants. : | |

## ANSWER TO THE COMPLAINT OF DEFENDANT COMCAST CORPORATION

Defendant Comcast Corporation, by and through its undersigned counsel, hereby answers the Complaint of Plaintiff Ernestine Parker. Comcast Corporation denies each and every allegation of the Complaint except as expressly admitted below.

### I.    PARTIES

1.    Comcast Corporation states that it is without knowledge or information sufficient to form a belief as to the allegations in paragraph 1 and therefore denies the same.

2.    Comcast Corporation admits only that it is a Pennsylvania corporation. Comcast Corporation denies the remaining allegations in paragraph 2.

3. Comcast Corporation admits only that Comcast Cable Communications, LLC [incorrectly named in the caption] is a Delaware Limited Liability Corporation. Comcast Corporation denies the remaining allegations in paragraph 3.

4. Comcast Corporation admits only that Comcast of New Castle County, LLC is a Delaware Limited Liability Corporation that has over 600 employees and that Comcast Cablevision of New Castle County, LLC has an office at 4008 North Dupont Highway, New Castle, Delaware 19720. Comcast Corporation denies the remaining allegations in paragraph 4.

5. Comcast Corporation admits only that Philip Annone is the Director of Human Resources at the New Castle Call Center. Comcast Corporation denies the remaining allegations in paragraph 5.

6. Comcast Corporation admits only that William Mosley is the Manager of Human Resources at the New Castle Call Center. Comcast Corporation denies the remaining allegations in paragraph 6.

## II.     JURISDICTION

7. Comcast Corporation denies the allegations in paragraph 7 as conclusions of law to which no response is required.

8. Comcast Corporation denies the allegations in paragraph 8 as conclusions of law to which no response is required.

9. Comcast Corporation states that it is without knowledge or information sufficient to form a belief as to the allegations in paragraph 9 and, therefore, denies the same.

### III. BACKGROUND

10. Comcast Corporation states that it is without knowledge or information sufficient to form a belief as to the allegations in paragraph 10 and, therefore, denies the same.

11. Comcast Corporation states that it is without knowledge or information sufficient to form a belief as to the allegations in paragraph 11 and, therefore, denies the same.

12. Comcast Corporation states that it is without knowledge or information sufficient to form a belief as to the allegations in paragraph 12 and, therefore, denies the same. By way of further answer, this paragraph contains conclusions of law to which no responsive pleading is required.

13. Comcast Corporation denies the allegations in paragraph 13.

14. Comcast Corporation states that it is without knowledge or information sufficient to form a belief as to the allegations in paragraph 14 and, therefore, denies the same.

15. Comcast Corporation denies the allegations in paragraph 15.

16. Comcast Corporation denies the allegations in paragraph 16.

17. Comcast Corporation denies the allegations in paragraph 17.

18. Comcast Corporation states that it is without knowledge or information sufficient to form a belief as to the allegations in paragraph 18 and, therefore, denies the same.

19. Comcast Corporation denies the allegations in paragraph 19.

20. Comcast Corporation denies the allegations in paragraph 20.

21. Comcast Corporation denies the allegations in paragraph 21.

22. Comcast Corporation denies the allegations in paragraph 22.

## COUNT I
### Violation of ADA, 42 U.S.C. § 12101, *et. seq.*

23. Comcast Corporation incorporates by reference its answers to paragraphs 1 through 22 as though set forth in full herein.

24. Comcast Corporation denies the allegations in paragraph 24.

25. Comcast Corporation denies the allegations in paragraph 25.

26. Comcast Corporation denies the allegations in paragraph 26.

27. Comcast Corporation denies the allegations in paragraph 27.

28. Comcast Corporation denies the allegations in paragraph 28.

WHEREFORE, Comcast Corporation respectfully requests that this Court dismiss Count I of the Complaint, award attorneys' fees and costs to Comcast Corporation, and enter any further relief deemed just and appropriate by this Court.

## COUNT II
### (State Law Claim - Wrongful Termination)

29. Comcast Corporation incorporates by reference its answers to paragraphs 1 through 28 as though set forth in full herein.

30. Comcast Corporation denies the allegations in paragraph 30 as conclusions of law to which no responsive pleading is required.

31. Comcast Corporation denies the allegations in paragraph 31.

32. Comcast Corporation denies the allegations in paragraph 32.

33. Comcast Corporation denies the allegations in paragraph 33.

WHEREFORE, Comcast Corporation respectfully requests that this Court dismiss Count II of the Complaint, award attorneys' fees and costs to Comcast Corporation, and enter any further relief deemed just and appropriate by this Court.

## COUNT III
### (State Law Claim - Intentional Infliction of Emotional Distress)

34. Comcast Corporation states that it is not required to answer the averments in paragraph 34, as the Court dismissed Count III of the Complaint. To the extent that an answer is deemed required, Comcast Corporation denies the allegations in paragraph 34.

35. Comcast Corporation states that it is not required to answer the averments in paragraph 35, as the Court dismissed Count III of the Complaint. To the extent that an answer is deemed required, Comcast Corporation denies the allegations in paragraph 35.

36. Comcast Corporation states that it is not required to answer the averments in paragraph 36, as the Court dismissed Count III of the Complaint. To the extent that an answer is deemed required, Comcast Corporation denies the allegations in paragraph 36.

## COUNT IV
### (State Law Claim – Prima Facie Tort)

37. Comcast Corporation states that it is not required to answer the averments in paragraph 37, as the Court dismissed Count IV of the Complaint. To the extent that an answer is deemed required, Comcast Corporation denies the allegations in paragraph 37.

38. Comcast Corporation states that it is not required to answer the averments in paragraph 38, as the Court dismissed Count IV of the Complaint. To the extent that an answer is deemed required, Comcast Corporation denies the allegations in paragraph 38.

a. Comcast Corporation states that it is not required to answer the averments in paragraph 38a, as the Court dismissed Count IV of the Complaint. To the extent that an answer is deemed required, Comcast Corporation denies the allegations in paragraph 38a.

b. Comcast Corporation states that it is not required to answer the averments in paragraph 38b, as the Court dismissed Count IV of the Complaint. To the extent that an answer is deemed required, Comcast Corporation denies the allegations in paragraph 38b.

41.[1] Comcast Corporation states that it is not required to answer the averments in paragraph 41, as the Court dismissed Count IV of the Complaint. To the extent that an answer is deemed required, Comcast Corporation denies the allegations in paragraph 41.

WHEREFORE, Defendant Comcast Corporation respectfully requests that this Court dismiss the Complaint, award attorneys' fees and costs to Comcast Corporation, and enter any further relief deemed just and appropriate by this Court.

## AFFIRMATIVE DEFENSES

Comcast Corporation asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with plaintiff.

## FIRST AFFIRMATIVE DEFENSE

Comcast Corporation never employed plaintiff.

---

[1] The Complaint does not include paragraphs numbered 39 or 40. The Answer of Comcast Corporation follows the numbering of the Complaint.

## SECOND AFFIRMATIVE DEFENSE

Comcast Corporation is not a proper party.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable Statute of Limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, and laches.

## SIXTH AFFIRMATIVE DEFENSE

Comcast Corporation took no actions towards plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Comcast Corporation's actions or inactions were not the proximate, legal, or substantial cause of any damages, injury, or loss suffered by Plaintiff, the existence of which is denied.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust her administrative remedies.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are limited by the statutory limitations on damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Comcast Corporation may not be held liable for punitive damages because it engaged in good faith efforts to prevent discrimination and retaliation and to comply with Title VII and all other applicable laws.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's proposed accommodation[s], if any, was unreasonable or would have caused an undue hardship on Comcast Corporation.

Dated: 17 Oct 2005

BALLARD SPAHR ANDREWS & INGERSOLL, LLP

William M. Kelleher (No. 3961)
919 Market Street, 12th Floor
Wilmington, DE 19801
Phone: (302) 252-4465
Facsimile: (302) 252-4466

-and-

John B. Langel
Farrah I. Gold
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500

Attorneys for Defendants