IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

ERNESTINE PARKER, :
:
      Plaintiff, :
:
v. : C.A. Number: 04-344
:
COMCAST CORPORATION, a Pennsylvania :
corporation, COMCAST CABLE :
COMMUNICATIONS, INC., a Delaware :
corporation, COMCAST CABLEVISION OF :
NEW CASTLE COUNTY, LLC, a Delaware :
Limited Liability Corporation, successor in interest :
to Comcast Cablevision of New Castle County, :
Inc., a Delaware corporation, PHILIP ANNONE, :
and WILLIAM G. MOSLEY, :
:
      Defendants. :

## ANSWER TO THE COMPLAINT OF DEFENDANT COMCAST CABLE COMMUNICATIONS, LLC

Defendant Comcast Cable Communications, LLC ("Comcast Cable"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiff Ernestine Parker. Comcast Cable denies each and every allegation of the Complaint except as expressly admitted below.

**I. PARTIES**

1. Comcast Cable admits only that plaintiff was employed by Comcast of New Castle County until on or about November 2002. Comcast Cable is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 1 and therefore denies the same.

2. Comcast Cable admits only that Comcast Corporation is a Pennsylvania corporation. Comcast Cable denies the remaining allegations in paragraph 2.

3. Comcast Cable admits only that Comcast Cable Communications, LLC [incorrectly named in the caption] is a Delaware Limited Liability Corporation. Comcast Cable denies the remaining allegations in paragraph 3.

4. Comcast Cable admits only that Comcast of New Castle County, LLC is a Delaware Limited Liability Corporation that has over 600 employees and that Comcast Cablevision of New Castle County, LLC has an office at 4008 North Dupont Highway, New Castle, Delaware 19720. Comcast Cable denies the remaining allegations in paragraph 4.

5. Comcast Cable admits only that Philip Annone is the Director of Human Resources at the New Castle Call Center. Comcast Cable denies the remaining allegations in paragraph 5.

6. Comcast Cable admits only that William Mosley is the Manager of Human Resources at the New Castle Call Center. Comcast Cable denies the remaining allegations in paragraph 6.

## II. JURISDICTION

7. Comcast Cable denies the allegations in paragraph 7 as conclusions of law to which no response is required.

8. Comcast Cable denies the allegation in paragraph 8 as a conclusion of law to which no response is required.

9. Comcast Cable admits only that plaintiff filed a charge of discrimination and the Equal Employment Opportunity issued a right to sue letter dated March 3, 2004. The charge of discrimination and right to sue letter, being written documents, speak for themselves. Comcast Cable denies the remaining allegations in paragraph 9.

### III. BACKGROUND

10. Comcast Cable admits only that plaintiff was hired on February 9, 1998 to work as a receptionist at Suburban Cable Company's New Castle Call Center. Comcast Cable denies the remaining allegations of this paragraph.

11. Comcast of New Castle County admits that plaintiff was promoted to the position of Human Resources Clerk on July 2, 2001.

12. Comcast Cable denies the averments in paragraph 12 as conclusions of law to which no response is required and as a matter of fact. To the extent a response is deemed required, Comcast Cable is without knowledge or information sufficient to form a belief as to the truth of whether plaintiff began to suffer chronic left sided headaches in late 2000 and early 2001.

13. Comcast Cable denies the allegations in paragraph 13.
14. Comcast Cable denies the allegations in paragraph 14.
15. Comcast Cable denies the allegations in paragraph 15.
16. Comcast Cable denies the allegations in paragraph 16.
17. Comcast Cable denies the allegations in paragraph 17.
18. Comcast Cable denies the allegations in paragraph 18.
19. Comcast Cable denies the allegations in paragraph 19.

20. Comcast Cable denies the allegations in paragraph 20.

21. Comcast Cable denies the allegations in paragraph 21.

22. Comcast Cable admits only that plaintiff was separated from employment on or about November 4, 2002. Comcast Cable denies the remaining allegations in paragraph 22.

## COUNT I
### (Violation of ADA, 42 U.S.C. § 12101 *et seq.*)

23. Comcast Cable incorporates by reference its answers to paragraph 1 through 22 of the Complaint as though set forth in full herein.

24. Comcast Cable denies the allegation in paragraph 24.

25. Comcast Cable denies the allegations in paragraph 25.

26. Comcast Cable denies the allegations in paragraph 26.

27. Comcast Cable denies the allegations in paragraph 27.

28. Comcast Cable denies the allegations in paragraph 28.

WHEREFORE, Defendant Comcast Cable respectfully requests that this Court dismiss Count I of the Complaint, award attorneys' fees and costs to Comcast Cable, and enter any further relief deemed just and appropriate by this Court.

## COUNT II
### (State Law Claim – Wrongful Termination)

29. Comcast Cable incorporates by reference its answers to paragraph 1 through 28 of the Complaint as though set forth in full herein.

30. Comcast Cable denies the allegation in paragraph 30.

31. Comcast Cable denies the allegations in paragraph 31.

32. Comcast Cable denies the allegations in paragraph 32.

33. Comcast Cable denies the allegations in paragraph 33.

WHEREFORE, Defendant Comcast Cable respectfully requests that this Court dismiss Count II of the Complaint, award attorneys' fees and costs to Comcast Cable, and enter any further relief deemed just and appropriate by this Court.

## COUNT III
**(State Law Claim –Intentional Infliction of Emotional Distress)**

34. Comcast Cable states that it is not required to answer the averments in paragraph 34, as the Court dismissed Count III of the Complaint. To the extent that an answer is deemed required, Comcast Cable denies the allegations in paragraph 34.

35. Comcast Cable states that it is not required to answer the averments in paragraph 35, as the Court dismissed Count III of the Complaint. To the extent that an answer is deemed required, Comcast Cable denies the allegations in paragraph 35.

36. Comcast Cable states that it is not required to answer the averments in paragraph 36, as the Court dismissed Count III of the Complaint. To the extent that an answer is deemed required, Comcast Cable denies the allegations in paragraph 36.

## COUNT IV
### (State Law Claim –Prima Facie Tort)

37.     Comcast Cable states that it is not required to answer the averments in paragraph 37, as the Court dismissed Count IV of the Complaint. To the extent that answer is deemed required, Comcast Cable denies the allegations in paragraph 37.

38.     Comcast Cable states that it is not required to answer the averments in paragraph 38, as the Court dismissed Count IV of the Complaint. To the extent that an answer is deemed required, Comcast Cable denies the allegations in paragraph 38.

(a)     Comcast Cable states that it is not required to answer the averments in paragraph 38a, as the Court dismissed Count IV of the Complaint. To the extent that an answer is deemed required, Comcast Cable denies the allegations in paragraph 38a.

(b)     Comcast Cable states that it is not required to answer the averments in paragraph 38b, as the Court dismissed Count IV of the Complaint. To the extent that an answer is deemed required, Comcast Cable denies the allegations in paragraph 38b.

41.[1]    Comcast Cable states that it is not required to answer the averments in paragraph 41, as the Court dismissed Count IV of the Complaint. To the extent that an answer is deemed required, Comcast Cable denies the allegations in paragraph 41.

WHEREFORE, Defendant Comcast Cable respectfully requests that this Court dismiss the Complaint, award attorneys' fees and costs to Comcast Cable, and enter any further relief deemed just and appropriate by this Court.

---

[1]    The Complaint does not include paragraphs numbered 39 or 40. The Answer of Comcast Cable follows the numbering of the Complaint.

## AFFIRMATIVE DEFENSES

Comcast Cable asserts the following affirmative defenses without assuming the burden of proof of such defenses that would otherwise rest with plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and laches.

### FOURTH AFFIRMATIVE DEFENSE

Comcast Cable acted at all times in good faith and for legitimate and non-discriminatory reasons.

### FIFTH AFFIRMATIVE DEFENSE

Comcast Cable's actions or inactions were not the proximate, legal, or substantial cause of any damages, injury, or loss suffered by Plaintiff, the existence of which is denied.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust her administrative remedies.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are limited by the statutory limitations on damages.

## NINTH AFFIRMATIVE DEFENSE

Comcast Cable may not be held liable for punitive damages because it engaged in good faith efforts to prevent discrimination and retaliation and to comply with the Americans with Disabilities Act and all other applicable laws.

## TENTH AFFIRMATIVE DEFENSE

Comcast Cable would have taken the same action and made the same decisions in the absence of Plaintiff's alleged protected traits or alleged protected conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's proposed accommodation[s], if any, was unreasonable or would have caused an undue hardship on Comcast Cable.

WHEREFORE, Defendant Comcast Cable respectfully requests that this Court dismiss the Complaint, award attorneys' fees and costs to Comcast Cable, and enter any further relief deemed just and appropriate by this Court.

Dated: 17 Oct 2005

William M. Kelleher (No. 3961)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801-3034
Phone: (302) 252-4465
Facsimile: (302) 252-4466

John B. Langel, Esquire
Farrah Gold, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Phone: (215) 665-8500
Facsimile: (215) 864-8999

Attorneys for Defendants