# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ERNESTINE PARKER, | § | |
| Plaintiff, | § § § | |
| v. | § § | |
| | § | C.A. No.:   04-344 KAJ |
| COMCAST CORPORATION, a Pennsylvania corporation, COMCAST CABLE COMMUNICATIONS, INC., a Delaware corporation, COMCAST CABLEVISION OF NEW CASTLE COUNTY, LLC, a Delaware Limited Liability Corporation, successor in interest to Comcast Cablevision of New Castle County, Inc., a Delaware corporation, PHILIP ANNONE and WILLIAM G. MOSLEY, | § § § § § § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF, ERNESTINE PARKER**

1. Identify all persons having knowledge or information of facts relating to the allegations in your Complaint, and describe the substance of the person's knowledge or information.

**ANSWER:** Edwin Gonzalez, Donna Ann Minor, Kara Pietrowicz and Alberina Ziemba have general knowledge of operations at Comcast and the work that Plaintiff performed. In addition, Ms. Minor and Ms. Ziemba have knowledge of Plaintiff's chronic headaches.

Philip Annone and William G. Mosley. See Complaint – Defendants Annone and Mosley are aware of Plaintiff's disability and the circumstances of her being threatened that if she did not retire they would pile work on her to the extent that she could not perform it and use that as an excuse to write her up and then fire her.

Barbara Edwards, 2106 West Avenue, Ocean City, New Jersey 08226. General operations at Comcast during pertinent times.

Angela Wilson, 157 Spruence Road, Dover, Delaware 19901. General operations at Comcast's human relations department during pertinent times. Ms. Wilson hired the Plaintiff for her HR position and was aware of her chronic headache condition and the work that Plaintiff performed.

Laura Obradovic, 274 Cherry Tree Square, Forest Hill, Maryland, 21050-3090. General operations at Comcast during the pertinent times.

Valerie Carrol, 326 Starboard Drive, Bear, Delaware 19701. General operations at Comcast during the pertinent times.

Robert Saunders; 14 Huntingdon Farm Drive, Glen Mills, Pennsylvania 19342. General operations at Comcast during the pertinent times.

Frank Workman, 753 Montclair Drive, Apartment 5, Claymont, Delaware 19713. General operations at Comcast during the pertinent times.

Joanna Crane, 205 Route 130, Swedesboro, New Jersey 08085. General operations at Comcast during the pertinent times.

Doris Davis, P.O. Box 9937, Newark, Delaware 19714. General operations at Comcast during the pertinent times.

Jack Sullenberger, 145 Rose Dale Lane, Dover, Delaware 19904. General operations at Comcast during the pertinent times.

Anthony Arthur, 827 Cornstalk Drive, New Castle, Delaware 19720. General operations at Comcast during the pertinent times.

2

Joanne Courtney, 5 Franklin Road, Landenberg, Pennsylvania 19350. General operations at Comcast during the pertinent times.

Richard Kind, 1517 Ayre Street, Newport, Delaware 19804. General operations at Comcast during the pertinent times.

Claire Valenti, 1120 Sunset Drive, Bel Air, Maryland 21014. General operations at Comcast during the pertinent times.

Jana Tosh - general operations at Comcast during the pertinent times.

Brian Lambert – general operations at Comcast after the termination of Barbara Edwards, Angela Wilson, Edwin Gonzalez, Donna Ann Minor, Kara Pietrowicz and Alberina Ziemba. These vice presidents also had knowledge of the termination of Plaintiff.

Fidel Edwards - general operations at Comcast after the termination of Barbara Edwards, Angela Wilson, Edwin Gonzalez, Donna Ann Minor, Kara Pietrowicz and Alberina Ziemba. These vice presidents also had knowledge of the termination of Plaintiff.

Health care providers – See medical records produced or to be produced.

Carl E. Turner, M.D., 1508 Pennsylvania Avenue, Wilmington, DE 19806

Marita M. Fallorina, M.D., 1 Catherine Street, New Castle, DE 19720

Emilio Valdez, M.D., 400 Christian Road, New Castle, DE 19720

Michael Carunchio, Jr., M.D., 4735 Ogletown-Stanton Road, Suite 1109, Newark, DE 19713

Kristina A. Hollstein, DC, Lafeyett Bldg., Ste. 103, Christiana, DE 19702

Sandy Ricks – the day-by-day work environment of Plaintiff. She has knowledge of the work Plaintiff performed and that Plaintiff suffered from chronic headaches.

Orzoria Holman - the day-by-day work environment of Plaintiff. She has knowledge of the work Plaintiff performed and that Plaintiff suffered from chronic headaches.

Michael Patterson - the day-by-day work environment of Plaintiff. She has knowledge of the work Plaintiff performed and that Plaintiff suffered from chronic headaches.

Holly McCraken - the day-by-day work environment of Plaintiff. She has knowledge of the work Plaintiff performed and that Plaintiff suffered from chronic headaches. She was a witness to Plaintiff's passing out in August 2002 at work.

Bethany Pace - the day-by-day work environment of Plaintiff. She has knowledge of the work Plaintiff performed and that Plaintiff suffered from chronic headaches. She was a witness to Plaintiff's passing out in August 2002 at work. She also was responsible for assigning Plaintiff excessive duties which she and Defendants Annone and Mosley believed the Plaintiff could not perform all in an attempt to force Plaintiff to quit and when she wouldn't quit is a justification to put her on progressive discipline and ultimately fire her.

Robert Minnehan, Ph.D. – see report.

2. Identify all persons you expect to have testify as witnesses in this matter, and summarize the facts to which you expect each individual to testify.

ANSWER: Objection. This interrogatory asks for attorney/client privilege material and attorney work-product. The witnesses Plaintiff expects to testify at trial will be identified according to the Federal Court Civil Rules Pretrial procedures.

3. Identify all persons whom you have contacted in connection with this litigation, and describe the substance of the communication.

ANSWER: Plaintiff's counsel has spoken to Angela Wilson concerning Plaintiff's situation at or before the time suit was filed. Plaintiff's counsel has also spoken briefly with Dr. Minnehan and

4

the materials submitted to Dr. Minnehan will be produced as well as his report when due under the Scheduling Order. Plaintiff has personally discussed her situation with various family members.

4. As to each individual identified in Interrogatories 1, 2 and 3 above, identify his or her address and telephone number, and whether he or she has provided a statement to you or your attorney.

ANSWER: No statements have been taken other than depositions in Gonzalez v. Comcast.

5. Identify all documents that are likely to be relevant in this litigation.

ANSWER: Objection. This interrogatory is overbroad and is does not reasonably specify documents requested as required by Superior Court Civil Rule 34.

6. If you intend to call any persons as expert witnesses at trial, provide the information required by Rule 26 of the Federal Rules of Civil Procedure.

ANSWER: To be provided according to the Scheduling Order.

7. Do you contend that any admissions with regard to the issues in this lawsuit have been made by any party to the lawsuit or by any party's agent, servant, or employee? If so, identify the person who made the admission and the substance of the admission.

ANSWER: Yes. Defendants have admitted knowledge of Plaintiff's chronic headaches. Defendants have threatened that if she did quit they would pile work on her and write her up and use that as an excuse to terminate her employment.

Defendants have admitted Plaintiff's work performance in the 2001, 2002 time period was satisfactory. Employee Performance Review Form produced.

Defendants admit Defendant Annone offered the Plaintiff the opportunity for job training after her termination but withdrew the offer after she refused to sign their severance package.

5

8. Describe all facts that support your allegations of disability discrimination.

ANSWER: Objection. This interrogatory is overbroad. Without waiving the objection, Defendants were aware of Plaintiff's chronic headaches due to her submission of FMLA applications in 2001 and 2002, as well as her collapsing at work in August 2002. Defendant, through Annone, threatened Plaintiff that if she did not quit they would pile work on her, make a file on her showing unsatisfactory performances, whether or not that was true, and use that as an excuse to terminate her employment. Defendants were aware of the stress and chronic headaches Plaintiff suffered and utilized that disability to create justifications for terminating her position of employment.

9. Describe all facts in support of your claim for wrongful termination.

ANSWER: See response to Interrogatory No. 8 above. In addition Defendant fabricated reasons for firing Plaintiff including false claims she was not performing her job satisfactorily.

10. Describe all facts in support of your claim for intentional infliction of emotional distress.

ANSWER: See response to Interrogatory No. 8 above. In addition, Defendants, Annone and Mosley and other employees intended to cause Plaintiff emotional harm by their threats and excessive work assignments. See Journal and medical records produced or to be produced.

11. Describe all facts in support of your claim for *prima facie* tort.

ANSWER: See responses to Interrogatory Nos. 8 through 10 above.

12. Identify your alleged "impairment" for purposes of your claim under the Americans with Disabilities Act.

ANSWER: Chronic headaches.

13. Identify the "major life activity" or "major life activities" that is [are] interfered with by your alleged impairment.

6

ANSWER:   Reading, watching television, going to the movies, using a computer, cooking and cleaning.

14. Do you contend that Defendants "regarded you" as substantially limited in any major life activity? If so, describe in detail the factual basis for this contention, including the impairment and major life activities.

ANSWER:   Objection. This Interrogatory is vague and overbroad. Without waiving the objection, Defendants were aware of Plaintiff's chronic headaches and utilized that knowledge in an attempt to harass, intimidate and threaten the Plaintiff.

15. Do you contend that you have a "record" of a substantial limitation in a major life activity? If so, describe in detail the factual basis for this contention, including the impairment and major life activities.

ANSWER:   See medical records and Plaintiff's FMLA application produced.

16. Itemize each and every element of monetary damages you claim to have suffered as a result of Defendants' actions.

ANSWER:   See Minnehan report, medical bills produced as well as pharmacy bills produced or to be produced. Emotional distress, anxiety and exacerbation of Plaintiff's chronic headache condition.

17. Describe all other injuries that you allege you have suffered, other than those itemized above, as a result of the incidents described in the Complaint.

ANSWER:   See records of Dr. Fallorina to be produced. Dr. Fallorina has treated Plaintiff for depression and anxiety and prescribed Amytriptolene for treatment of those symptoms.

18. Have you sought or received any medical, psychiatric, psychological treatment, or professional counseling or treatment or any other type of counseling or treatment for any emotional pain and suffering allegedly caused by Defendants. If so, identify the nature of the injury, disease, or impairment from which you have suffered, and the name of every practitioner, person or institution who or which treated, counseled, or examined you in connection with this injury, disease, or

7

impairment.

ANSWER:    See response to No. 17.

19.    Before Defendants' alleged unlawful treatment of you, did you seek or receive any medical, psychiatric or psychological treatment, professional counseling or treatment, or any other type of counseling or treatment? _____. If so, identify the nature of the injury, disease, or impairment from which you suffered, and the name of every practitioner or institution who treated or examined you in connection with the injury, disease, or impairment.

ANSWER:    No.

20.    Describe in detail any attempt you have made to seek employment since January 2002, including but not limited to the name and address of any company to which you applied for a position, the date of your job interview(s), the name and address of any company to which you sent a resume, the job solicitations or advertisements to which you responded, whether you were offered a job, and whether you accepted such offer.

ANSWER:    Locations to which Plaintiff sent resumes produced. Approximately a month after termination from Comcast, Plaintiff obtained part-time employment at Macy's department store.

21.    Identify every company or other entity for which you have worked since your separation from employment with Comcast, including the name of the company or entity, job title, dates of employment, and pay rate.

ANSWER:    Macy's. Part-time approximately 20 hours per week, sometimes a little more especially during the holiday season, $9.25 per hour. Income tax filing and paystub produced.

22.    Identify any other lawsuit or administrative agency action to which you are or were a party, and describe the nature of the lawsuit or administrative action.

ANSWER:    Plaintiff made a claim with respect to an automobile accident in 1994 where she and her husband each received a small settlement. She recalls no specific details about that lawsuit. In October 2004 Plaintiff broke her foot at Macy's parking lot and worker's compensation covered her approximately one month lost wages and medical costs. She did not file a formal

8

worker's compensation claim for that incident.

                BIGGS & BATTAGLIA
                /s/ Victor F. Battaglia
                Victor F. Battaglia (ID #156)
                921 Orange Street
                P.O. Box 1489
                Wilmington, DE 19899
                (302) 655-9677
                E-mail: VictorSr@batlaw.com
                Attorney for Plaintiff

Dated: 6/29/05

9

## CERTIFICATE OF SERVICE

I, Philip B. Bartoshesky, Esquire, do hereby certify that on the 29th day of June, 2005 two true and correct copies of PLAINTIFF'S RESPONSES TO DEFENDANTS FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF, ERNESTINE PARKER were forwarded via hand delivery to the following:

William M. Kelleher, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
919 Market Street, 17th Floor
Wilmington, DE 19801

*and via first class mail to:*

John B. Langel, Esquire
Farrah I. Gold, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

> BIGGS AND BATTAGLIA
> /s/ Philip B. Bartoshesky
> Philip B. Bartoshesky (I.D. #2056)
> 921 Orange Street
> P.O. Box 1489
> Wilmington DE 19899-1489
> (302) 655-9677
> Attorney for Plaintiff.