LAW OFFICES

**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

919 NORTH MARKET STREET, 12TH FLOOR
WILMINGTON, DELAWARE 19801-3034
(302) 252-4465
FAX: (302) 252-4466
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BALTIMORE, MD
DENVER, CO
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC

WILLIAM M. KELLEHER
DIRECT DIAL: 302-252-4460
PERSONAL FAX: 302-355-0723
KELLEHERW@BALLARDSPAHR.COM

December 23, 2005

**VIA HAND DELIVERY AND E-FILING**

The Honorable Kent Jordan
U.S. District Court
Lockbox 18
844 N. King Street
Wilmington, DE 19801

    Re:    Ernestine Parker v. Wal-Mart Stores, Inc.
             Civil Action No. 04-344-KAJ

Dear Judge Jordan:

      Pursuant to Local Rule 7.1.2(c), Defendants write to advise the Court of the Third Circuit's recent opinion in Johnson v. Thru Point, Inc., No. 04-3386 (3d Cir. Dec. 20, 2005), a case similar to the instant action.

      Specifically, in Johnson, the Third Circuit determined that the plaintiff could not establish that his employer discriminated against him on the basis of an alleged disability when the plaintiff had not informed his employer that he was disabled. Though decided under the New Jersey Law Against Discrimination and New York Human Rights Law, the Third Circuit looked "to the case law interpreting the Americans with Disabilities Act ("ADA") for guidance." Id. Relying on Jones v. UPS, 214 F.3d 402 (3d Cir. 2000), cited in Defendants' initial and reply briefs, the Third Circuit held that "an employee complaining of discrimination because of a disability must be able to show that the employer was on notice of the disability." Id. In that case, the plaintiff's statement that "something was wrong" was deemed insufficient notification to the employer that the employee was disabled. Id. Like here, the plaintiff in that case continued to perform, and affirmed that he was capable of performing, his job duties. Thus, the Third Circuit determined that there was "no evidence to indicate that ThruPoint could have known of Johnson's [alleged disability]." Id.

The Honorable Kent A. Jordan
December 23, 2005
Page 2

      Thank you for your consideration.

                                            Respectfully Submitted,

                                            William M. Kelleher

Enclosure

cc:    John B. Langel, Esquire
       Farrah I. Gold, Esquire
       Victor Battaglia, Esquire